# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 29, 2013

## STATE OF TENNESSEE v. DONALD A. ROGERS

**Appeal from the Circuit Court for Blount County**
**No. C-18365      David R. Duggan, Judge**

---

**No. E2012-01375-CCA-R3-CD - Filed February 4, 2013**

---

The defendant, Donald A. Rogers, appeals the trial court's revocation of his probation and reinstatement of his original three-year sentence in the Department of Correction. He argues that the trial court erred in ordering full confinement, rather than imposing split confinement. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at hearing), for the appellant, Donald A. Rogers.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Matthew L. Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

Following a jury trial in February 2011, the defendant was convicted of promotion of methamphetamine manufacture, a Class D felony, and sentenced as a Range I, standard offender to three years, suspended to supervised probation. A probation revocation warrant was issued on April 4, 2012, based on the defendant's March 1, 2012 arrest in Knox County for theft by shoplifting; his April 3, 2012 arrest in Morgan County for theft over $1000 and burglary; his not maintaining employment; his use of a controlled substance, Oxycontin; and his failure to report to his probation officer, comply with the recommendations of the ACRC,

pay his probation fees and court costs, or undergo an alcohol and drug assessment. The trial court subsequently amended the revocation warrant to include that the defendant had failed to notify his probation officer of his new arrests and had failed to report his change of address.

At the June 18, 2012 revocation hearing, Mindy White of the Tennessee Board of Probation and Parole testified that she had been the defendant's supervising officer since April 29, 2011. She said the defendant initially did "fairly well" on probation, but in October 2011, "things started kind of going downhill and he started racking up technical violations." She said the defendant maintained full-time employment until October 2011 but did not provide verification for employment after that date, and on March 22, 2012, he reported he had quit his most recent job. Additionally, the defendant failed to report in December and February and had a positive drug screen on March 27, 2012, for which he admitted using Oxycontin. He was instructed six different times to undergo an alcohol and drug assessment, which had been ordered by the trial court as part of his sentencing, but the defendant failed to comply. The defendant made only one payment of $10 toward his court costs and had not made any payments toward his probation fees. The defendant also did not inform White of his change of residence.

As to the defendant's new arrests, White said that he was arrested in Knox County for theft by shoplifting on March 1, 2012, but did not inform her of the arrest. He then was arrested on April 3 in Morgan County for theft over $1000 and burglary and did not inform her of that arrest either. White said that these new cases were still pending.

The defendant testified that he was required to report to White monthly but admitted that he did not report "like [he] should have." He said that his missed appointments were the result of his "own failure, forgetting [his] appointments and stuff like that." He said that he was working at the time he was placed on probation, but he subsequently lost his job when his employer "brought in one of the owner's sons . . . to take [his] job." He got a new job in January 2012, working on a construction crew. However, he "let that job go" after about three months because he "was driving to Knoxville every single day and sometimes you'd go to work maybe that day and might not. I was wasting more gas than I was making." Asked if he provided White with proof of his employment, the defendant said, "[W]hen you work there you're basically working as a subcontractor, so I was basically my own boss. . . . I took them paperwork. They still never gave it back to me. But it was like I was working for myself." He said that he missed one appointment with White because he was at work on the construction crew and could not leave and admitted that he did not try to reschedule it. He said he called White in February and scheduled an appointment for March.

The defendant admitted that he never underwent the court-ordered alcohol and drug assessment, saying he "never could get it scheduled around [his] schedule to actually show up. . . . I don't know what it was. I just never did do it." As to his failed drug test, the defendant said that he "stupidly" took one Oxycontin one night after work and that he told White about it. The defendant admitted he had not paid much money toward his fines and court costs, saying, "I was actually trying to get back on my feet from paying off bills and everything . . . . And then when I finally was getting back to where I could start paying, that's when I lost my job." The defendant said that his Knox County and Morgan County cases were still pending and that he intended to go to trial. Regarding the Morgan County case, the defendant denied doing "anything wrong in that case whatsoever. . . . I was with a friend that decided that he wanted to have a stove junked, asked me to junk it with him. It was supposed to be his."

On cross-examination, the defendant acknowledged that he lived in Roane County and that his new charges were from Morgan and Knox Counties. He said his probation officer told him he could not leave the state but never told him he could not leave the county. He further acknowledged that he had had three jobs since being placed on probation and that he only worked at his last job for two months. He admitted that, at sentencing, the trial judge told him that he was "taking a chance" by giving him full probation. He further admitted that he had failed to comply with the terms of his probation.

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered his three-year sentence placed into effect.

## ANALYSIS

The defendant argues that the trial court abused its discretion in "ordering confinement for the full duration of the original sentence, rather than imposing split confinement." The State responds that there was substantial evidence to support the full revocation of the defendant's probation. We agree with the State.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation

-3-

of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment." Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

In ordering the defendant's sentence into effect, the trial court found that the defendant had violated his probation by failing to maintain employment, report to his probation officer, comply with the recommendations of the ACRC, make payments toward his court costs and fines, undergo an alcohol and drug assessment, report his new arrests and change of address, and by using a controlled substance, Oxycontin. The defendant admitted that he had not reported to his probation officer "like [he] should have," had used Oxycontin while on probation, had never completed the court-ordered alcohol and drug assessment, and had failed to make payments toward his court costs and fines. We cannot conclude that the trial court abused its discretion in ordering the defendant's entire sentence placed into effect as such action was within the court's authority. See Tenn. Code Ann. §§ 40-35-310, -311(e). Indeed, this court has previously held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999); see also State v. Markquitton Sanders, No. M2010-02212-CCA-R3-CD, 2011 WL 4529655, at *2 (Tenn. Crim. App. Sept. 29, 2011), perm. app. denied (Tenn. Nov. 17, 2011).

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court revoking the defendant's probation and ordering him to serve his original sentence in confinement.

_____
ALAN E. GLENN, JUDGE

-4-